**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TOYOTA JIDOSHA KABUSHIKI KAISHA also
doing business as TOYOTA MOTOR
CORPORATION and TOYOTA MOTOR SALES,
U.S.A., INC.,

                                         Case No. 04-CV-70934-DT

            Plaintiffs,

v.

LEXUS HOMES, INC. a/k/a CENTRAL
CUSTOM HOMES, INC.,

            Defendant.

_____/

**ORDER FINDING DEFENDANT IN CIVIL CONTEMPT AND SETTING HEARING FOR
PENALTY AND SANCTIONS DETERMINATION**

On June 29, 2005, the court entered an order directing that Defendant show

cause no later than July 11, 2005, why the court should not hold it in contempt of this

court's final judgment and permanent injunction entered in this case.  Defendant failed

to respond as ordered.  Based on the uncontroverted evidence and allegations

contained in Plaintiffs' June 9, 2005 motion for entry of a show cause order, the court

finds Defendant in civil contempt of its July 27, 2004 judgment and permanent

injunction.

**I.  BACKGROUND**

Plaintiffs filed this civil action against Defendant based on Defendant's use of

certain trademarks to advertise Defendant's homes, including the phrase "Lexus

Homes."  Plaintiffs asserted claims for service mark and trademark dilution, service and

trademark infringement, trade name infringement and unfair competition, seeking a

permanent injunction and reasonable attorneys' fees under the Federal Trademark Act, 15 U.S.C. §§ 1116 and 1117(a).

The parties settled their dispute and, on July 27, 2004, the court entered a "Final Judgment" based on the parties' settlement agreement and their consent.  In paragraph 7 of the court's final judgment, it enjoined Defendant from "using the trade name and service mark LEXUS HOMES and/or LEXUS CUSTOM TAILORED LEASE alone or in combination with other words, letters and/or symbols; and . . . [from] [o]therwise infringing or diluting the distinctiveness of the federally registered marks, LEXUS, LEXUS & Design, LEXUS EXTRA CARE and/or LEXUS CUSTOM TAILORED LEASE." (07/27/04 Judgment at ¶ 7.)  The court also retained jurisdiction "to resolve any issues arising of any claim of violation of or noncompliance with this Final Judgement and/or the Agreement between the parties in settlement of this civil action."  (*Id.* at ¶ 10.)

On June 9, 2005, after discovering violations of the court's permanent injunction, Plaintiffs filed a motion for an order to show cause why Defendant should not be held in civil contempt for violating the court's injunction.  The court granted the motion and ordered Defendant to show cause why it should not be found in contempt.  Defendant failed to respond.  As such, the allegations and supporting evidence contained in Plaintiffs' June 29, 2005 motion stand unopposed.

Plaintiffs conducted an investigation in April 2005 and discovered that on November 10, 2004, Defendant filed a second Certificate of Amendment to its Articles of Incorporation, changing its corporate name back to Lexus Homes, Inc. a violation of the court's final judgment.  Plaintiff's investigation also revealed that Defendant is continuing to use the trade name and service mark LEXUS HOMES in violation of this

court's injunction.  Plaintiffs' counsel sent a letter to Defendant's president Mr. Giuseppe

Aluia, objecting to the continued use in violation of the court's final judgment, but

Defendant did not respond.  Plaintiffs offered several exhibits in support of their motion

and the facts showing Defendant's violation of the court's order, including aJune 8, 2005

declaration of Martin L. Smith and a true copy of an April 12, 2005 investigation report

prepared by Eric Jackson, an investigator for National Trademark Investigations.

(06/08/05 Smith Decl., Ex. 1.)

The April 12, investigation report revealed that directory assistance had a listing

for Lexus Homes in Shelby, Michigan and that Defendant had changed its corporate

naem to Central Custom Homes, Inc. in April 2004.  However, in November 2004,

records show that Defendant changed its name back to Lexus Homes, Inc.  (*Id.*)  The

investigators also visited several locations where Defendant was doing business as

Lexus Homes, Inc., taking photographs of signage and promotional materials using the

words "Lexus Homes."  (*Id.* (photographs attached).)

## II.  STANDARD

The district court is afforded sound discretion in deciding a contempt petition.

*Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir.

2003).  There is no doubt that the due process safeguards customarily applied in civil

litigation apply to civil contempt proceedings.  The party charged with contempt is

entitled to proper notice, an impartial hearing, and an opportunity to present a defense.

*NLRB v. Cincinnati Bronze Inc.*, 829 F.2d 585, 589 (6th Cir. 1987).  Generally, civil

contempt proceedings are summary in nature and "[t]he full panoply of evidentiary and

3

procedural safeguards of criminal proceedings or trial need not be employed." *Nabkey v. Hoffius*, 827 F. Supp. 450, 452 (W.D. Mich. 1993).

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Gary's Elec. Serv. Co.*, 340 F.3d at 378. Although the power to punish a party for contempt should not be invoked lightly, the Supreme Court has explained that this power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it [the courts] are mere boards of arbitration, whose judgements and decrees would be only advisory." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911).

To hold a litigant in contempt, the movant must provide clear and convincing evidence that shows that the charged party violated a "definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Cincinnati Bronze*, 829 F.2d at 591).

### III.  DISCUSSION

Here, the uncontested evidence presented to the court establishes that Defendant had notice of the court's final judgment and permanent injunction and that Defendant continues to use the mark LEXUS HOMES in violation of this court's order. Defendant presents no evidence that it is presently unable to comply with the court's order. *See id.* at 379.

The court finds Defendant in civil contempt for failing to comply with the court's July 27, 2004 final judgment and injunction. Plaintiffs and Defendant are directed to

4

appear before the court on **August 24, 2005 at 10:00 a.m.** for a hearing on the

appropriate penalty.  At this hearing, in the event that Defendant appears, objects to the

court's contempt finding, and responds to the substance of the contempt allegations,

Plaintiffs should also be prepared to present their evidence establishing Defendant's

continuing use of marks in violation of the court's final judgment.

### IV.  CONCLUSION

IT IS ORDERED that Defendant is found in civil contempt for violating this court's

July 27, 2004 final judgment and injunction.

IT IS FURTHER ORDERED that Plaintiffs serve Defendant with a copy of this

order and that the parties appear for an in-person hearing in this matter on **August 24,**

**2005 at 10:00 a.m.**


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  July 26, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, July 26, 2005, by electronic and/or ordinary mail.


 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Clerk's Orders\04-70934.TOYOTA.LEXUS.HOMES.Civil.Contempt.Order.wpd